*117 CHIEF JUSTICE GRAY,
dissenting.
¶27 I respectfully dissent from the Court’s opinion. It is my view that Tammy’s letter was not an offer of compromise pursuant to Rule 408, M.R.Evid., and, further, that Niles actually supports the District Court’s admission of the letter. I would affirm.
¶28 Rule 408, M.R.Evid., does not apply to any and all “offers of compromise.” The Rule speaks only to offers or attempts to compromise “a claim” which “was disputed....” Thus, while the Court is correct that Tammy’s letter related to “disputed debts” between herself and Larry, a letter trying to resolve a disputed debt between two people does not fall within the plain language of Rule 408 requiring exclusion of an offer of compromise of a disputed “claim .” In other words, “dispute”-as used in Rule 408-is not the equivalent of “claim.” To conclude otherwise, as the Court does in this case, is to essentially delete and render nugatory the word “claim” in the Rule. It is not a court’s job to omit language in making interpretations. See § 1-2-101, MCA. I conclude that Tammy’s letter is not an offer to compromise a claim for purposes of Rule 408, M.R.Evid.
¶29 Nor do I agree with the Court that this case presents “the question of whether an offer of compromise must occur after a formal claim has been filed in order to be excluded under Rule 408, M.R.Evid.” Niles is clear that a legal claim need not be filed in a court to bring Rule 408 into play. However, Niles also is clear that there must be “a claim,” not merely a private dispute or an offer to compromise such a private dispute. Niles states the relevant portion of Rule 408 as “offers or acceptances in compromise of a disputed claim” are not admissible. Niles, 236 Mont. at 463, 771 P.2d at 118. Nothing in Mies supports the Court’s determination here that a dispute is the equivalent of a disputed “claim.”
¶30 Niles does hold that when “a claim” exists by a plaintiff against defendants, offers of compromise regarding that claim are within the purview of Rule 408. The decision clearly was premised on the specific facts of that case. "Where both parties had hired attorneys and a draft of the complaint had been sent to defendants’ counsel, “[i]t was certainly clear ... that Niles had a claim against defendants.” Niles, 236 Mont. at 463, 771 P.2d at 119 (emphasis added). I simply cannot agree with the Court that Niles can be stretched to cover this case simply because Tammy sued Larry approximately three months after her letter to him. None of the facts which led the Niles Court to conclude “a claim” existed is present in this case.
¶31 Finally, I do agree with the Court that “Rule 408 should not reach into the remote past[.]” It is my view, however, that the facts in Niles *118 likely are the outer limit on what can fall within Rule 408, because an actual “claim” existed there. The same is not true here.
¶32 Most importantly, however, I believe the Court is doing trial courts and legal practitioners a grave disservice in its analysis of Rule 408. The issue of what constitutes an offer to compromise a claim for purposes of inadmissibility under Rule 408 is infrequently litigated-at least in this Court-and relatively well settled. The Court’s opinion gives no guidance at all as to what “the remote past” might be. The opinion simply unsettles the law, rather than properly applying either the Rule or Niles.
¶33 I dissent.